PHILIP EMBURY, Respondent. *v.* HENRY C. FOSTER et al., Impleaded, etc., Appellants.

(Argued November 11, 1879; decided November 18, 1879.)

THIS was an appeal from an order of General Term reversing an order of Special Term.

The action was to foreclose a mortgage. A receiver was appointed in the action. He took possession of the mortgaged premises and received the rents, some thereof after judgment of foreclosure. The only allegation as to the appellants in the complaint is that they " had, or claimed to have some claim or interest in the mortgaged premises, which interest or lien, if any, accrued subsequently to the lien of the mortgage." The appellants answered, taking issue upon this allegation, and they alleged that their title was prior in date and superior to the mortgage. This issue seems not to have been determined, but the judgment, as originally entered July 2, 1878, was in the usual form, barring and foreclosing all the defendants of all right, title and interest in the premises. By an order at Special Term made November 2, 1878, upon a motion of these appellants, the judgment was so amended as only to bar and foreclose them of all right, title and interest subsequent and subordinate to the mortgage. The original judgment

also provided that the receiver pass his accounts and pay over any balance found in his hands to the plaintiff, to the extent of any deficiency upon the sale. By the order of November 2, this portion of the judgment was also amended by requiring such balance to be paid by the receiver to the county treasurer to abide the further order of the court. On the tenth day of December, 1878, an order was made at Special Term, upon the motion of these appellants, that the receiver turn over the possession of the mortgaged premises to them, and that he also pay to them all money collected by him, for rent of the premises since the entry of the judgment of foreclosure. Some of the rents in question were received after entry of judgment and before sale and some after sale. From this order the plaintiff, who had become the purchaser of the premises at the foreclosure sale August 15, 1878, appealed to the General Term, where it was reversed. *Held*, that the General Term order was discretionary and not appealable. The court say, "it cannot be questioned now that the receiver was properly appointed, as no appeal was taken from the order appointing him. So far as he acted as receiver in receiving the rents, he acted as an officer of the court, and the funds in his hands were in the custody of the court. Some of the rents now in question were received between the entry of judgment and the day of sale, and some subsequent to the day of sale. There is a dispute between the parties to this suit as to which of them these funds belong, and the court was not bound summarily in this action, in which the appellants claim it could not determine the right to the funds, to order the receiver to pay them to the one party or the other. It could in its discretion order the funds to be paid to the county treasurer to abide its order, or it could leave them in the hands of the receiver until the right to them was established in some proper suit or proceeding. The appellants were not in a position to claim absolutely that the funds belonged to them and should be paid to them. The disposition of the funds made in the Supreme Court is one resting in its discretion, and with the exercise of that we have no jurisdiction to interfere.

"These observations apply only to the rents received by the receiver, as such. If he has collected any rents as agent of the plaintiff, the appellants have their remedy for such rents by an action against the receiver or the plaintiff, or both of them.

"It does not appear that the receiver delivered the premises to the plaintiff after the foreclosure sale, or that after that date he claimed to hold them as receiver, or if he did, that he declined to deliver them to the appellants. It is enough to say that upon such facts as appear here, the court was not bound to order the receiver to deliver the possession of the premises to the appellants."

*Jesse Johnson* for appellant.

*Benj. F. Kissam* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.